UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

NORMA SIMON AYODORO,

Petitioner,

v. Case No. 3:26-cv-952-MMH-PDB

MARKWAYNE MULLIN, et al.,

Respondents.

---

**ORDER**

Petitioner Norma Simon Ayodoro, an immigration detainee, initiated this action through counsel by filing a Petition for Writ of Habeas Corpus (Doc. 1) on April 20, 2026. Ayodoro, a citizen of Mexico, entered the United States without inspection in 2000. Id. at 3. Recently, United States Immigration and Customs Enforcement (ICE) detained Ayodoro following a car accident. Id. at 2. In Count Two of the Petition, Ayodoro asserts that she is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2). Id. at 11–12. As relief, Ayodoro requests a bond hearing or, in the alternative, release. Id. at 13–14.

The Court is satisfied it has jurisdiction over Ayodoro's claims and further administrative exhaustion would be futile. See, e.g., Fonseca v. Ripa, No. 3:26-CV-309-MMH-MCR, 2026 WL 1072778 (M.D. Fla. Apr. 21, 2026); Lopez v. Rhoden, No. 3:26-CV-94-MMH-PDB, 2026 WL 931190 (M.D. Fla. Apr.

7, 2026); Garcia v. Warden, No. 3:26-CV-271-MMH-SJH, 2026 WL 900145 (M.D. Fla. Apr. 2, 2026). As to the merits, the Eleventh Circuit Court of Appeals has concluded that "§ 1225 applies to arriving aliens seeking entry at the border, whereas § 1226 applies to aliens unlawfully in the interior." Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami, 175 F.4th 1258, 1276 (11th Cir. 2026). When Ayodoro was detained, she was not seeking entry at the border; therefore, she is not subject to § 1225 and instead is detained under § 1226. See id. at 1285 (recognizing the "longstanding border-interior distinction" for purposes of immigration detention that Congress preserved in the Immigration and Nationality Act).

Accordingly, it is **ORDERED**:

1. Ayodoro's Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED** as to Count Two.[1] Within **seven days** of this Order, Respondents shall either afford Ayodoro an individualized bond hearing consistent with 8 U.S.C. § 1226(a) or release her. If Respondents release Ayodoro, they shall facilitate her transportation from the detention facility by notifying her counsel when and where she can be collected.

---

[1] Because the Court finds that Ayodoro is entitled to relief on her assertion that Respondents are violating the Immigration and Nationality Act by classifying her under § 1225, the Court need not address her remaining contentions. See Banks v. Dretke, 540 U.S. 668, 689 n.10 (2004) (declining to address an additional claim in a habeas petition after granting relief on another claim because "any relief [petitioner] could obtain on that claim would be cumulative").

2. The **Clerk** is directed to terminate any pending motions, enter judgment granting the Petition as to Count Two, and close the file.

**DONE AND ORDERED** at Jacksonville, Florida, this 30th day of July, 2026.

Marcia Morales Howard

MARCIA MORALES HOWARD
United States District Judge

Jax-9 7/30
c:
Counsel of Record